Pfeifer, J.,
dissenting.
{¶ 33} In Pinchot v. Charter One Bank, F.S.B., 99 Ohio St.3d 390, 2003-Ohio-4122, 792 N.E.2d 1105, ¶ 46, this court stated, “The recording of a mortgage satisfaction or real estate lien release is not an integral part of the lending process, as it occurs after the debt is satisfied and the extension of credit is extinguished. Such a recording requirement cannot even begin until the mortgage has already been terminated.” This statement, which is as applicable to consumer loans as to real estate liens and mortgages, resolves the issue before us. The mortgage relationship between Lillie Alexander and Wells Fargo Financial Ohio 1, Inc., and the consumer-loan relationship between Shelton Coleman and American General Financial Services, Inc. ended when the loans were repaid in full. Accordingly, the question of whether Wells Fargo and American General satisfied their statutory obligations to file statements of termination under R.C. 5301.36(B) and 1309.513, respectively, is not subject to arbitration because it does not arise out of or relate to the loan agreements.
{¶ 34} As a practical matter, the remedies provided in R.C. 5301.36(C) and 1309.625(E)(4) are meaningless if plaintiffs are forced into arbitration. The amounts involved are too small to allow plaintiffs to engage counsel, if they cannot pursue a class action.
{¶ 35} I dissent.
*348 McGlinchey Stafford, P.L.L.C., Barbara Friedman Yaksic, Richard A. Freshwater, and Monica Levine Lacks, for appellant in case No. 2008-1009.
Ballard Spahr Andrews & Ingersoll, L.L.P., Alan S. Kaplinsky, and Mark J. Levin; and McLaughlin & McCaffrey, L.L.P., Patrick M. McLaughlin, and Adrienne B. Kirshner, urging reversal for amici curiae American Financial Services Association and Consumer Bankers Association.
Thompson Hiñe, L.L.P., Kip T. Bollin, and James L. DeFeo, urging reversal for amicus curiae CitiFinancial, Inc.